IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAMARCUS JONES, #S-16473, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-cv-01072-MJR |
| | ) |
| RICH STEVENSON, | ) |
| JUDGE MARK STEDELIN, | ) |
| OFFICER DUNCAN, | ) |
| and REX BARBEE, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

While incarcerated at Jacksonville Correctional Center ("Jacksonville"), Plaintiff Damarcus Jones filed a complaint pursuant to 42 U.S.C. § 1983 against several officials in Marion County, Illinois. The defendants include Mayor Rex Barbee, Sheriff Rich Stevenson, Honorable Mark Stedelin, and Officer Duncan. Plaintiff asserts three claims against the defendants in the complaint: (1) Count 1 - Marion County Circuit Court Judge Stedelin failed to disclose a conflict of interest or recuse himself from Plaintiff's criminal case; (2) Count 2 - Sheriff Stevenson denied Plaintiff telephone access with his public defender; and (3) Count 3 - City of Salem Officer Duncan physically and verbally harassed Plaintiff. (Doc. 1, p. 5). Plaintiff blames Mayor Barbee for the "entire situation." *Id*. He now sues the defendants for monetary damages.

This case is now before the Court for preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to

dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). The complaint is subject to dismissal under this standard.

## Discussion

The complaint describes three incidents in support of Plaintiff's request for monetary damages against the defendants. (Doc. 1, pp. 5-6). First, Plaintiff claims that Judge Stedelin, who presided over Plaintiff's Marion County criminal case, failed to disclose a conflict of interest or recuse himself from the case. (*Id*. at 5). According to the allegations, Judge Stedelin was the subject of a formal complaint that was filed with the State of Illinois' Judicial Inquiry Board. The complaint described the judge as "dishonorable [and] biased." (*Id*.). Plaintiff alleges that Judge Stedelin should have disclosed this formal complaint to Plaintiff or recused himself from Plaintiff's criminal case. (*Id*.). Plaintiff sues Judge Stedelin in connection with this claim. (*Id*. at 6).

Second, Plaintiff claims that the Marion County Sheriff's Department deprived indigent detainees of telephone access with their public defenders. (*Id*. at 5). A sign in the jail says, "Do not ask for your attorney[.] [H]e or she knows your [sic] here." (*Id*.). The jail does not offer detainees access to a "public defender phone." (*Id*.). Public defenders do not accept collect calls, and the jail has no system for detainees to leave free voicemail messages for their public defenders. (*Id*.). Plaintiff names no one in connection with this claim in the statement of claim, although he names Sheriff Stevenson as one of the defendants. (*Id*. at 6).

Third, Plaintiff claims that Officer Duncan "physically [and] verbally harassed" him on several occasions. (*Id*. at 5). When speaking to Plaintiff, the officer used racial slurs. (*Id*.).

He also referred to a sign that was, at one time, posted in the City of Salem, which stated, "[N]o niggers after dark." (*Id.*). Plaintiff filed a complaint with the former sheriff to complain about Officer Duncan's conduct, but the sheriff failed to investigate the matter. (*Id.*). Plaintiff sues Officer Duncan in connection with this claim. (*Id.* at 6).

Based on the above factual allegations, Plaintiff sues Judge Stedelin, Sheriff Stevenson, and Officer Duncan for monetary damages. (*Id.* at 5-6). He also sues Mayor Barbee for the "entire situation," based on his role as Mayor of the City of Salem (*Id.* at 5). Plaintiff seeks monetary damages. (*Id.* at 6).

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court has organized the claims in Plaintiff's *pro se* complaint into the following three (3) counts.

> **Count 1:** **Judge Stedelin failed to disclose a conflict of interest or recuse himself from Plaintiff's criminal case;**
>
> **Count 2:** **Sheriff Stevenson denied Plaintiff telephone access with his public defender; and**
>
> **Count 3:** **Officer Duncan subjected Plaintiff to physical and verbal harassment.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit.

## Discussion

Counts 1, 2, and 3 are all subject to dismissal. As a general matter, Plaintiff invokes no federal constitutional or statutory basis for relief in the complaint. Although this alone is not fatal to his claims, the Court is left to guess what claims Plaintiff has attempted to raise against each defendant. *See Reeves ex rel. Reeves v. Jewel Food Stores, Inc.*, 759 F.3d 698, 701

(7th Cir. 2014); *King v. Kramer*, 763 F.3d 635, 642 (7th Cir. 2014) ("a plaintiff need not plead legal theories in [his] complaint," but must plead sufficient facts to put the defendants on notice of a plausible claim). The one-page statement of claim and the exhibits offer little insight into Plaintiff's claims. Given the vague allegations, the Court cannot discern any basis for relief. (Doc. 1, p. 5).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The allegations simply do not suggest that the defendants are liable for a violation of Plaintiff's federal constitutional or statutory rights. Dismissal of all three claims is appropriate under *Twombly* and *Iqbal*. However, other independent grounds for dismissal exist.

### Count 1 – Judge Stedelin

Plaintiff articulates no actionable claim against Judge Stedelin (**Count 1**). The factual allegations against this defendant are weak at best. Plaintiff maintains that Judge Stedelin was the subject of a formal complaint, describing him as "dishonorable [and] biased," that was filed with the State of Illinois' Judicial Inquiry Board. (Doc. 1, p. 5). Plaintiff offers no additional details about the complaint, such as who filed it, when it was filed, or what outcome resulted. Significantly, he draws no connection between the "formal complaint" and his case.

Judges enjoy absolute immunity from § 1983 suits for damages when they act within their judicial jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Forrester v. White*,

484 U.S. 219, 225-29 (1988); *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347, 20 L.Ed. 646 (1872); *Richman v. Sheahan*, 270 F.3d 430, 434 (7th Cir. 2001). The Supreme Court has recognized only two instances in which judicial immunity is inapplicable. A judge "is not immune from liability for non-judicial actions *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions though judicial in nature, are taken in the complete absence of all jurisdictions." *Mireles*, 502 U.S. at 11. Put differently, judicial immunity serves as an absolute defense for state court judges in civil rights actions for damages when: (1) the act was judicial rather than ministerial or administrative in nature; and (2) the judge had jurisdiction over the subject matter of the case in which the action was taken. *Stump v. Sparkman*, 435 U.S. 349 (1978); *Lowe v. Letsinger*, 772 F.2d 308 (7th Cir. 1985). The complaint sets forth no allegations suggesting that Judge Stedelin engaged in non-judicial actions or took action in the absence of subject matter jurisdiction. Accordingly, **Count 1** shall be dismissed with prejudice.

### Count 2 – Sheriff Stevenson

The complaint also fails to articulate a claim against Sheriff Stevenson (**Count 2**). Although named as a defendant in the case caption, Sheriff Stevenson is not mentioned in the statement of claim. The reason that plaintiffs, even those proceeding *pro se*, for whom the Court is required to liberally construe complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. Where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to

state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

In his statement of claim, Plaintiff specifically names the Marion County Sheriff's Department,[1] not Sheriff Stevenson, in connection with a complaint that his telephone access with his public defender was limited because he could not afford to pay for phone calls. Even if he had named Sheriff Stevenson in connection with this claim, Plaintiff's allegations are so sketchy that the Court is unable to discern whether his claim is a Fourteenth Amendment denial of access to courts claim, a Fourteenth Amendment equal protection claim, or some other claim.

When construed as an access to courts claim, the claim fails. Prisoners have a fundamental right of meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817 (1977). Violations of that right may be vindicated in federal court, *e.g.*, in a civil rights action pursuant to § 1983. In order to state a claim, Plaintiff must "spell out, in minimal detail, the connection between the alleged denial" and his ability to pursue a non-frivolous claim. *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). In fact, no constitutional claim arises unless he can demonstrate that a non-frivolous legal claim has been frustrated or impeded. *Lewis v. Casey*, 518 U.S. 343, 352-53 (1996). In the complaint, Plaintiff draws no connection between the denial of phone access and the results of his criminal case or his ability to pursue another legitimate legal claim.

The complaint also fails to articulate a viable equal protection claim. The Fourteenth Amendment forbids states to "deny any person within its jurisdiction the equal protection of the

---

[1] Marion County Sheriff's Department is not named as a defendant in this action. When parties are not listed in the caption, this Court will not treat them as defendants, and any claims against them should be considered dismissed without prejudice. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif]ied] in the caption").

laws." U.S. CONST., Amend. XIV. This essentially means that all persons who are similarly situated should be treated alike. *Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (citing *Plyler v. Doe*, 457 U.S. 202, 2016 (1982)). But equal protection does not forbid all unequal treatment; it prohibits inequality that lacks justification. In order to deny equal protection, discrimination must be intentional. The complaint suggests that Plaintiff was somehow treated differently because of his economic status. However, he does not indicate how the posted signed or any other policy, custom, or practice resulted in discriminatory treatment that was intentional.

Under the circumstances, the Court cannot allow Count 2 to proceed, even at this early stage. The complaint fails to state any claim (denial of court access, equal protection, or otherwise) upon which relief may be granted. Accordingly, **Count 2** shall be dismissed without prejudice.

### Count 3 – Officer Duncan

The complaint supports no claim against Officer Duncan (**Count 3**). Plaintiff alleges that this defendant "physically and verbally harassed" him by using racial slurs when speaking to him. (Doc. 1, p. 5). In the complaint, Plaintiff has failed to indicate exactly what statements were made, when they were made, the frequency of the statements, or the context. Most verbal harassment does not give rise to a constitutional claim. *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) ("[S]tanding alone, simple verbal harassment does not constitute cruel and unusual punishment."). *But see Beal v. Foster*, -- F.3d --, No. 14-2489 (7th Cir. Oct. 2, 2015). Plaintiff describes no "physical" harassment at all. Without basic facts, the Court cannot analyze this claim or allow it to proceed. Therefore, **Count 3** shall also be dismissed without prejudice.

**Rex Barbee**

Finally, the complaint also supports no claim against Mayor Rex Barbee. (Doc. 1, p. 5). Plaintiff blames the mayor for the "entire situation." (*Id*.). Conclusory allegations cannot support a claim against a defendant. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Further, Plaintiff cannot proceed against the mayor in this § 1983 action, based only on his supervisory role. The doctrine of *respondeat superior*, under which a supervisor may be held liable for a subordinate's misconduct, is inapplicable to § 1983 actions. *Zimmerman v. Tribble*, 226 F.3d 568 (7th Cir. 2000); *Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993); *Adams v. Pate*, 445 F.2d 105, 107 (7th Cir. 1971). Section 1983 creates a cause of action based on personal liability and predicated upon fault. A plaintiff must demonstrate the defendant's personal involvement, participation, or direct responsibility for the constitutional deprivation. *Rascon v. Hardiman*, 803 F.2d 269, 273 (7th Cir. 1986). Plaintiff has not done so, and this defendant shall be dismissed without prejudice.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNT 1** is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted. **COUNTS 2** and **3** are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Defendants **RICH STEVENSON, MARK STEDELIN, REX BARBEE,** and **OFFICER DUNCAN** are **DISMISSED** without prejudice.

Plaintiff is **GRANTED** leave to file his "First Amended Complaint" addressing **Counts 2** and **3 on or before December 7, 2015.** Should Plaintiff fail to file his first amended complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case

shall be dismissed with prejudice, and Plaintiff shall receive a "strike." FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915A.

Should Plaintiff decide to file a first amended complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "First Amended Complaint," and he should use the case number for *this* action. The pleading shall present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that defendant. Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits. Plaintiff should *include only related claims* in his new complaint. Claims found to be unrelated to Counts 2 and 3, or unrelated to one another, will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed. Because Count 1 has been dismissed with prejudice, Plaintiff shall make no reference to this claim in the first amended complaint. To enable Plaintiff to comply with this order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the first amended complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the first amended complaint. The first amended complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file an amended complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 2, 2015**

s/ MICHAEL J. REAGAN
Chief Judge
United States District Court