IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAMARCUS JONES, #S-16473, )<br> )<br>Plaintiff, )<br> )<br>vs. )<br> )<br>RICH STEVENSON, )<br>JUDGE MARK STEDELIN, )<br>OFFICER DUNCAN, )<br>and REX BARBEE, )<br> )<br>Defendants. ) | Case No. 15-cv-01072-MJR |

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

On September 28, 2015, Plaintiff Damarcus Jones filed this civil rights action pursuant to 42 U.S.C. § 1983 against several officials in Marion County, Illinois. In the complaint, he set forth three claims: (1) Count 1 - Marion County Circuit Court Judge Stedelin failed to disclose a conflict of interest or recuse himself from Plaintiff's criminal case; (2) Count 2 - Sheriff Stevenson denied Plaintiff telephone access with his public defender; and (3) Count 3 - City of Salem Officer Duncan physically and verbally harassed him. (Doc. 1, p. 5). Plaintiff blamed Mayor Barbee for the "entire situation." *Id*. He sued all four defendants for monetary damages.

In an Order dated November 2, 2015, the Court dismissed Count 1 with prejudice for failure to state a claim upon which relief may be granted. (Doc. 9). Counts 2 and 3 were dismissed without prejudice, and Plaintiff was granted leave to file a First Amended Complaint addressing Counts 2 and/or 3 on or before December 7, 2015. He was warned that failure to comply with the Order would result in dismissal of the action with prejudice and a "strike."

(Doc. 9 at 9 (citing FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915A).

Plaintiff did not file a First Amended Complaint or request an extension for doing so prior to this deadline. Instead, he filed a Motion for Recruitment of Counsel. (Doc. 10). The Court entered an Order denying the motion on January 14, 2016. (Doc. 11). Plaintiff was given an extension for filing his First Amended Complaint. It was due on or before February 16, 2016. He was again warned that failure to comply with the Order would result in dismissal of the action with prejudice and a "strike." *Id.* (citing FED. R. CIV. P. 41(b); *Ladien*, 128 F.3d 1051; *Johnson*, 34 F.3d 466; 28 U.S.C. § 1915A).

The amended pleading was due on or before February 16, 2016. The deadline has now passed. Plaintiff has not filed his amended complaint. He has not requested an extension of the deadline for doing so.

As a result, this case is **DISMISSED with prejudice** for failure to comply with two Orders (Docs. 9, 11) of this Court and for failure to prosecute his claims. *See* FED. R. CIV. P. 41(b). This dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g). Further, Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e);

28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: February 25, 2016**

**s/ MICHAEL J. REAGAN**
Chief Judge,
United States District Court
